UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HEATHER HILL, ET AL.,** | ) | **CASE NO.1:08CV2928** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **NICHOLAS MCMILLAN,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on third-party defendants' Notice of Removal. For the following reasons, the Court finds it lacks subject matter jurisdiction over the removal and remands the case back to state court.

On December 16, 2008, third-party defendants Tartan C & C Yachts, William J. Ross and Novis Ltd. removed the above case to this Court, pursuant to 28 U.S.C. §1441(b), alleging the third-party complaint claims are preempted by Employee Retirement Income Security Act of 1974, 29 U.S.C. §1002(1) (ERISA). Though the Notice of Removal purports to be brought on behalf of Defendant Nicholas McMillin and third-party defendants, it is only signed by counsel

for third-party defendants and includes no consent or signature of Defendant McMillin.[1]

28 U.S.C. §1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky. 1990).  The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  Removal jurisdiction is based on the allegations in the Complaint at the time of removal.  *See, e.g., Rogers v. Wal-Mart Stores, Inc.*, 230 F. 3d 868, 871 (6th Cir. 2000).  Courts should resolve "all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non- removing party." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999), quoting *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994).  "All doubts as to the propriety of removal are resolved in favor of remand." *Id.*  The court must review the complaint as it existed at the time the petition for removal was filed, and all doubts must be resolved against removal.  *Ahearn v. Charter Township of Bloomfield*, 100 F. 3d 451, 453 (6th Cir. 1996); *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).  "Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction."  *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky. 1967); *see also Breymann v. Pennsylvania*, O. & D. R.R., 38 F.2d 209, 212 (6th Cir. 1930).   Pursuant to 28 U.S.C. §1447(c), cases originally filed in state court must be remanded if, at any time before trial, it appears that the federal court to which they were removed lacks subject matter jurisdiction.  *Curry v. U.S.*

---

[1] In fact, third-party defendants' Notice of Removal purports to be brought on behalf of Defendant and all third-party defendants, including Medical Mutual of Ohio.  However, on December 18, 2008, Medical Mutual filed a Notice of Non-Party Correction stating it had already been dismissed from the suit prior to removal.  What is more troubling to this Court is Medical Mutual's contention that it never consented to removal.

*Bulk Transport, Inc.,* 462 F.3d 536, 541 (6th Cir. 2006). . District courts can *sua sponte* dismiss a complaint at any stage of the proceeding if jurisdiction is lacking. *In re Lewis v. Boyd,* 398 F.3d 735, 739 (6th Cir.2005). ( "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." ).

The Sixth Circuit has held that third-party defendants may not remove a case where the original complaint does not confer federal jurisdiction. *First National Bank of Pulaski v. Curry, et al.,* 301 F.3d 456 (6th Cir. 2002). The Sixth Circuit in *First National* further held courts lack subject matter jurisdiction to hear cases removed by third-party defendants under 28 U.S.C. §1441(a) or (c). The Sixth Circuit determined §1441(b) does not provide an independent basis for removal. *First National* at 461 fn3. Because the Notice of Removal was not signed by Defendant McMillin, was not brought by Defendant McMillin and was signed by counsel for third-party defendants alone, removal is improper.

Therefore, the Court finds it lacks subject matter jurisdiction to adjudicate the claims removed by third-party defendants and remands the case to Geauga County Court of Common Pleas for further adjudication.[2]

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

February 12, 2009

---

[2] The Court further notes the following litany of procedural mistakes made in conjunction with removal, including: the removing parties acknowledged failure to timely remove the action, failure to pay the filing fee under Local Rule 3.12, and failure to attach the state court docket, process, pleadings and orders as required under 28 U.S.C. § 1446. Counsel is admonished to read, understand and follow all federal procedural rules and statutes applicable to his case before attempting to invoke this Court's jurisdiction.